UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff(s),<br><br>    v.<br><br>PHILLIP AVION McGREGGOR,<br><br>    Defendant(s). | Case No. 2:18-CR-244 JCM (DJA)<br><br>ORDER |

Presently before the court is Phillip Avion McGreggor's ("defendant") emergency motion to modify sentence. (ECF Nos. 108; 111).[1] The United States of America filed a response (ECF No. 112), to which defendant replied (ECF Nos. 114; 115).[2]

Also before the court is the government's motion for leave to file sealed exhibit. (ECF No. 113).

**I.    Background**

As relevant to this motion, the court sentenced defendant to 72 months' incarceration on August 28, 2019, for distributing fentanyl. (ECF Nos. 102; 104). While defendant has been incarcerated, the novel strain of coronavirus and COVID-19, the resultant respiratory disease, has run rampant throughout the country and the world. While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, certain populations are particularly at risk of "severe illness" from the virus: the elderly, asthmatic, immunodeficient, and people with

---

[1] Defendant filed two iterations of the same motion, the former is redacted (ECF No. 108) and the latter is under seal (ECF No. 111).

[2] Defendant filed a redacted reply (ECF No. 114) and an unredacted copy under seal (ECF No. 115).

**James C. Mahan**
**U.S. District Judge**

HIV.  *See* Center for Disease Control, *People Who Are at Higher Risk for Severe Illness,* (April 2, 2020), *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (*last accessed* May 7, 2020).

The CDC's list of at-risk persons has expanded, and new studies on COVID-19 vis-à-vis comorbidities continue to be promulgated.  *Id.*; *see also*, *e.g.,* Xianxian Zhao, et al., *Incidence, clinical characteristics and prognostic factor of patients with COVID-19: a systematic review and meta-analysis* (March 20, 2020);[3] Safiya Richardson, et al., *Presenting Characteristics, Comorbidities, and Outcomes Among 5700 Patients Hospitalized With COVID-19 in the New York City Area* (April 22, 2020).[4]

Defendant moves this court to commute his time of incarceration to home confinement "based upon his unique susceptibility to the COVID-19 infection . . . ."  (ECF No. 28 at 2).  The government opposes the motion because defendant has not exhausted his administrative remedies, as required by the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 30).  The motion has been thoroughly briefed and, by the court's estimation, is now ripe for adjudication.  (*See* ECF Nos. 28; 29; 30; 31; 32; 33; 34; 35; 36; 37; 38).

## II.     Legal Standard

"Even though courts ordinarily have the inherent authority to reconsider its prior orders, such authority does not exist when there is an "express rule to the contrary."  *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999).  One such contrary rule exists in the sentencing context: "A court generally may not correct or modify a prison sentence once it has been imposed."  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)).  Thus, the court may modify a sentence only when expressly authorized by statute.

The court is expressly authorized to modify a sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).  18 U.S.C. § 3582(c)(1)(A).  However, courts may consider

---

[3] Available at https://www.medrxiv.org/content/10.1101/2020.03.17.20037572v1.full.pdf.

[4] Available at https://jamanetwork.com/journals/jama/fullarticle/2765184.

James C. Mahan
U.S. District Judge

compassionate release only "upon motion of the Director of the Bureau of Prisons . . . ." *Id.* If a defendant wants to file such a motion with the court, he must fully exhaust his administrative remedies before doing so. *Id.* Since the enactment of the First Step Act, a defendant may file a compassionate-release motion if his application to the BOP goes unanswered for thirty days. *Id.*

To be eligible for compassionate release, a defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under USSG § 1B1.13, "extraordinary and compelling reasons" include, amongst other things, terminal illnesses and medical conditions "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.

### III. Discussion

As an initial matter, the court grants the government's motion for leave to file sealed exhibit.  (ECF No. 113).  The sealed exhibit consists of defendant's private medical records, which are properly filed under seal.  (ECF No. 113-1).

The court now turns to the instant motion.  Defendant asks to be released in light of his medical conditions, which he contends put him at greater risk of contracting COVID-19.  (ECF No. 111).  The government opposes the motion on jurisdictional grounds and also argues that defendant is not eligible for compassionate release.  (ECF No. 112).

The court first takes up the jurisdictional issue.  The court acknowledges, as the government points out, that two judges in this district have found that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is strictly nonwaivable. *See, e.g., United States v. Cooper*, Case No. 2:14-cr-0228-JAD-CWH (D. Nev. Apr. 29, 2020); *United States v. Cardenas*, Case No. 2:11-cr-0414-APG-CWH (D. Nev. Apr. 29, 2020).  Indeed, other courts in this circuit have similarly found that they lack jurisdiction until the defendant has exhausted his administrative remedies. *United States v. Gillis*, 2020 WL 1846792, *2 (C.D. Cal. Apr. 9, 2020); *United States v. Aguila*, 2020 WL 1812159, *1 (E.D. Cal. Apr. 9, 2020); *United States v. Holden*, 2020 WL 1673440, *10 (D. Or. Apr. 6, 2020).

**James C. Mahan**
**U.S. District Judge**

- 3 -

However, a significant number of courts have nonetheless waived the administrative exhaustion requirement, particularly due to the rapid spread of COVID-19. *See, e.g., United States v. Zukerman*, 16-CR-194, 2020 WL 1659880 (S.D.N.Y. Apr. 3, 2020); *United States v. Perez*, __F.Supp.3d__, 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020). Another court "expressed its skepticism regarding its authority to grant" compassionate release without *some* administrative exhaustion and set a one-week response deadline in lieu of the statutory 30 days. *See United States v. Gross*, No. 15-CR-769 (AJN), 2020 WL 1673244, at *3 (S.D.N.Y. Apr. 6, 2020).

These are unprecedented times. As a result of the rapidly-evolving circumstances surrounding the novel coronavirus pandemic, this court has entertained compassionate release motions where there had been no meaningful response to a defendant's administrative application, *see United States v. Atkinson*, No. 2:19-CR-55 JCM-CWH, 2020 WL 1904585 (D. Nev. Apr. 17, 2020), and where an asthmatic defendant was only a few days short of the 30-day mark, *see United States v. Gorai*, No. 2:18-CR-220-JCM-CWH, 2020 WL 1975372 (D. Nev. Apr. 24, 2020).

Here, the court will exercise jurisdiction over defendant's request. Defendant represents as follows:

> On April 14, 2020, and April 16, 2020, counsel spoke with Mr. McGreggor. After one of these legal calls, counsel talked to his unit manager at FMC Fort Worth, Mr. Dominic Albarez. Mr. Albarez informed counsel that he was not able to confirm or deny whether Mr. McGreggor is on any "list" for early release given COVID-19 but that he could inform Mr. McGreggor of BOP's determination. Later that same day, Mr. McGreggor said in a Corrilinks email that Mr. Albarez told him that he did not qualify for home confinement because of COVID-19 for the following reasons:
>
> • Mr. McGreggor hasn't completed 50% of his time;
>
> • His recidivism category is "minimum" instead of low;
>
> • Mr. McGreggor has a 1996 misdemeanor domestic violence conviction.

(ECF No. 111 at 3–4). Thus, by defendant's estimation, "it appears that BOP has already made this determination of ineligibility because according to Mr. Albarez, Mr. McGreggor is not on

**James C. Mahan**
**U.S. District Judge**

- 4 -

any 'list' for consideration." *Id.* at 6.  The court finds, on these facts, that defendant has effectively exhausted his administrative remedies such that further delay is needless and contrary to the interests of justice.

The court now turns to the merits of defendant's request.  As an initial matter, the court acknowledges the significant public policy implications of feely granting home confinement to any inmate who expresses a fear of contracting COVID-19.  Such a position is untenable because each and every inmate rightfully fears contracting COVID-19—just as each and every American does when they must venture from their homes.  However, the court must also acknowledge that the fear of COVID-19 in the penological context is justifiably acute.  This requires the court to, as best it can, strike a delicate balance.  Indeed, this very balance is why the BOP is ordinarily given the first opportunity to review an inmate's request for compassionate release.

Consequently, this court has, thus far, confined its coronavirus-related compassionate release of inmates to the elderly, asthmatic, immunodeficient, and people with HIV.  Further, the court has released only inmates the government has not argued were a danger to the community. *See Gorai*, 2020 WL 1975372; *Atkinson*, 2020 WL 1904585.

Here, defendant is not elderly or asthmatic and does not have HIV.  (ECF No. 111). Defendant argues that several of his preexisting medical conditions render him immunodeficient insofar as he may be more likely to contract COVID-19.  (*See generally* ECF Nos. 111; 115). The government argues that defendant is a danger to the community and, preexisting health conditions notwithstanding, is not so at risk as to justify compassionate release. (*See generally* ECF No. 112).

First, the court has serious reservations regarding whether defendant is a risk to the community, particularly because it lacks the benefit of BOP's designation of defendant. Defendant urges that, with the exception of the instant offense, his criminal history is stale. (ECF Nos. 111 at 14–15, 20–21; 115 at 8–9).  Defendant also contends that none of his criminal conduct has involved violence.  *Id.*  In response, the government emphasizes the facts of the instant case:

> In this case [defendant] was selling fentanyl which is fatal in the even the smallest amounts. During the course of the conspiracy he

> not only possessed two stolen firearms but saw fit to arm himself with one of the stolen firearms for the final sale of four kilograms of fentanyl. Finally, he was detained at his initial appearance in this Court as a danger to community.

(ECF No. 112 at 19). While the court finds arguments regarding defendant's 1996 misdemeanor conviction for domestic violence unconvincing, the facts of this case present a sufficient risk to the community such that the court declines to afford him the extraordinary remedy of compassionate release.

Next, while the court understands defendant's concern regarding COVID-19, the court does not find that defendant's preexisting medical conditions are sufficiently "extraordinary or compelling" such that compassionate release is immediately necessary. Defendant's conditions are ubiquitous in society such that release in this case risks opening the compassionate-release floodgates. And, on an individual level, defendant has not shown that these conditions are so severe or unattended while incarcerated to pose a risk that is any more imminent than that which the country at large faces. To the contrary, the government notes that "the records demonstrate that [defendant] is receiving attentive and responsive medical care for [his] condition at FMC Fort Worth." (ECF No. 112 at 18). Thus, the court finds that defendant's medical conditions do not "substantially diminish[] [his] ability . . . to provide self-care within the environment of a correctional facility . . . ." *See* USSG § 1B1.13.

Defendant's motion is denied.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's emergency motion to modify sentence (ECF Nos. 108; 111) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that this order shall not preclude the BOP from independently determining whether defendant is eligible for home confinement.

DATED May 8, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -