UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>PHILLIP AVION McGREGGOR,<br><br>Defendant(s). | Case No. 2:18-CR-244 JCM (DJA)<br><br>ORDER |

Presently before the court is defendant Phillip Avion McGreggor's emergency motion for compassionate release. (ECF Nos. 128). The United States of America filed a response (ECF No. 134), to which defendant replied (ECF No. 137).

Also before the court is the defendant's motion to seal. (ECF No. 129).

Also before this court is defendant's initial motion for compassionate release, (ECF No. 108), in light of the Ninth Circuit's vacatur and remand, (ECF No. 124, 125).

**I.   Background**

On August 28, 2019, this court sentenced defendant to 72 months' incarceration for distributing fentanyl. (ECF Nos. 128, 134). Defendant now moves for compassionate release in light of the COVID-19 pandemic and his comorbidities.

For most of this year, the novel strain of coronavirus and COVID-19, the resultant respiratory disease, has run rampant throughout the country. While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, certain populations are particularly at risk of "severe illness" from the virus: the elderly, asthmatic, immunodeficient, and people with HIV. *See* Center for Disease Control, *People Who Are at Higher Risk for*

**James C. Mahan**
**U.S. District Judge**

*Severe Illness,* (April 2, 2020), *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

The CDC's list of at-risk persons has expanded, and new studies on COVID-19 vis-à-vis comorbidities continue to be promulgated. *Id.*; *see also*, *e.g.,* Xianxian Zhao, et al., *Incidence, clinical characteristics and prognostic factor of patients with COVID-19: a systematic review and meta-analysis* (March 20, 2020);[1] Safiya Richardson, et al., *Presenting Characteristics, Comorbidities, and Outcomes Among 5700 Patients Hospitalized With COVID-19 in the New York City Area* (April 22, 2020).[2]

## II. Legal Standard

"Even though courts ordinarily have the inherent authority to reconsider its prior orders, such authority does not exist when there is an "express rule to the contrary." *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). One such contrary rule exists in the sentencing context: "A court generally may not correct or modify a prison sentence once it has been imposed." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)). Thus, the court may modify a sentence only when expressly authorized by statute.

The court is expressly authorized to modify a sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). 18 U.S.C. § 3582(c)(1)(A). However, courts may consider compassionate release only "upon motion of the Director of the Bureau of Prisons . . . ." *Id.* If a defendant wants to file such a motion with the court, he must fully exhaust his administrative remedies before doing so. *Id.* Since the enactment of the First Step Act, a defendant may file a compassionate-release motion if his application to the BOP goes unanswered for thirty days. *Id.*

To be eligible for compassionate release, a defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Under USSG § 1B1.13, "extraordinary and

---

[1] Available at https://www.medrxiv.org/content/10.1101/2020.03.17.20037572v1.full.pdf.

[2] Available at https://jamanetwork.com/journals/jama/fullarticle/2765184.

compelling reasons" include, amongst other things, terminal illnesses and medical conditions "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.

**III.   Discussion**

As an initial matter, this court dismisses defendant's first motion for compassionate release without prejudice. (ECF No. 108, 111). On May 8, 2020, this court—although ultimately denying the motion—found that defendant had satisfied exhaustion when he had "an unwritten discussion with a unit manager" and that "the unit manager had authority to approve or deny the request in lieu of the warden." (ECF No. 124; *see* ECF No. 116). On appeal, the Ninth Circuit found that this fails to satisfy exhaustion, and thus vacated and remanded this court's order, (ECF No. 116), with instructions to dismiss the motion without prejudice. (ECF No. 124). The court does so here.

This court now turns to the defendant's recent emergency motion for compassionate release. (ECF No. 128). The prior question of exhaustion addressed by the Ninth Circuit is no longer an issue; the parties agree that defendant has now appropriately exhausted his claims. (ECF No. 128, 134). The parties also agree that defendant's medical conditions possibly entail an extraordinary and compelling circumstance. (*Id.*). Defendant requests compassionate release due to several chronic medical conditions: "Type 2 diabetes, chronic kidney disease, hypertension, severe obesity, liver disease, and a history of smoking." (ECF No. 128). Indeed, the medical records support the existence of these conditions. (ECF Nos. 128, 130). The government concurs that "the combination of the COVID-19 pandemic, and several of McGreggor's medical conditions (including a BMI of 34, diabetes, a history of smoking) together satisfy the 'extraordinary and compelling circumstances' prong of the compassionate release analysis." (ECF No. 134).

Although defendant has already contracted and recovered from COVID-19, this court finds that defendant's conditions place him at an increased risk of severe illness from COVID-19, constituting an "extraordinary and compelling reason" to grant defendant's motion. (ECF

James C. Mahan
U.S. District Judge

No. 128). The possibility of re-infection and the existence of multiple serious comorbidities warrant this finding. While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, certain populations are particularly at risk of "severe illness" from the virus. *See* Center for Disease Control, *People Who Need to Take Extra Precautions,* (June 25, 2020).[3] The CDC has provided that "severe illness from COVID-19" means "hospitalization, admission to the ICU, intubation or mechanical ventilation, or death." *See* Center for Disease Control, *Evidence used to update the list of underlying medical conditions that increase a person's risk of severe illness from COVID-19*, (Oct. 6, 2020).[4]

However, the government opposes defendant's release due to his alleged danger to the community and other factors under 18 U.S.C. §3553(a). This court disagrees with the government's assessment. Defendant's 1996 battery conviction is stale and, although his instant drug offense was dangerous, this court is persuaded that the offense was committed due to issues that defendant has rehabilitated from. (ECF No. 137). Defendant has served approximately three years in prison with no disciplinary issues. (*Id.*). He can also serve his remaining term of home confinement with his wife and son in a three-bedroom home. (*Id.*).

Defendant's motion for compassionate release is hereby granted. (ECF No. 128). This court also grants defendant's motion to seal. (ECF No. 129). The exhibits in question contain defendant's personal and medical information, thus presenting good cause to leave under seal.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's emergency motion for compassionate release (ECF No. 128) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion to seal (ECF No. 129) be, and the same hereby is, GRANTED.

---

[3] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html.

[4] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html.

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that, pursuant to the Ninth Circuit Court of Appeal's order,
2    (ECF Nos. 124, 136), defendant's initial motion for compassionate release (ECF Nos. 108, 111)
3    be, and the same hereby is, DISMISSED without prejudice.

4    IT IS FURTHER ORDERED that defendant's sentence of imprisonment be, and the
5    same hereby is, MODIFIED to CREDIT FOR TIME SERVED.

6    IT IS FURTHER ORDERED that defendant's sentence of imprisonment be, and the
7    same hereby is, MODIFIED to CREDIT FOR TIME SERVED.

8    IT IS FURTHER ORDERED that this order is stayed for up to 14 days, for the
9    verification of the defendant's residence and/or establishment of a release plan, to make
10   appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall
11   be released as soon as a residence is verified, a release plan is established, appropriate travel
12   arrangements are made, and it is safe for the defendant to travel. There shall be no delay in
13   ensuring travel arrangements are made. If more than fourteen days are needed to make
14   appropriate travel arrangements and ensure the defendant's safe release, the parties shall
15   immediately notify the court and show cause why the stay should be extended.

16   IT IS FURTHER ORDERED that defendant's counsel shall, within 7 days of this order,
17   contact the BOP to arrange transportation.

18   IT IS FURTHER ORDERED that defendant shall serve the remaining portion of the
19   original term of imprisonment (as calculated by the BOP) as supervised release with the special
20   condition that he shall be subject to home incarceration without the requirement of electronic
21   monitoring for the time being.

22   IT IS FURTHER ORDERED that defendant shall not be required to report to the U.S.
23   Probation Office in person.  However, within 72 hours of his release, defendant shall contact the
24   U.S. Probation Office by telephone to check in.

25   IT IS FURTHER ORDERED that defendant shall be restricted to her residence at all
26   times (home incarceration) except for medical necessities and or other activities specifically
27   approved by U.S. Probation or this court.

28

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that defendant shall serve supervised release as originally imposed.

IT IS FURTHER ORDERED that, in light of the COVID-19 pandemic, current standard condition originally imposed mandating that defendant work at least 30 hours per week at a lawful type of employment and participate in community service is temporarily suspended.

IT IS FURTHER ORDERED that all other conditions of supervision originally imposed shall remain in effect.

DATED December 14, 2020.

_____
UNITED STATES DISTRICT JUDGE